```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE


JOHN F. PILLES, JR., ESQ.
223 High Street, 2nd Floor
Mount Holly, New Jersey 08060
(609) 267-7711
Attorney for Plaintiff
```

|  |  |
|---|---|
| DAVID J. MacFARLAND, : | |
| Plaintiff, : | |
| v. : | |
| COMMISSIONERS OF FIRE DISTRICT NO. 2 : | CIVIL ACTION |
| IN THE TOWNSHIP OF BORDENTOWN, | NO. 09-2865 (JEI) |
| BURLINGTON COUNTY, NEW JERSEY, a body : | |
| corporate and politic; STEPHEN MONSON, | ORDER ENTERING |
| an elected fire commissioner; MATT : | FINAL JUDGMENT |
| DILLON, an elected fire commissioner; | |
| JOSEPH FRESCO, an elected fire : | |
| commissioner; ANDREW WATSON, an elected | |
| fire commissioner; and DAVID HORSNALL, : | |
| an elected fire commissioner, | |
| : | |
| Defendants. | |

THIS MATTER having been presented to the Court by motion of John F. Pilles, Jr., Esq., counsel representing the plaintiff with notice afforded to Jeffrey L. Shanaberger, Esq., appearing on behalf of Hill Wallack, L.L.P., counsel for defendants, and to David J. MacFarland, the plaintiff pro se; and it appearing from the affidavits submitted that a settlement agreement had verbally been concluded, but never finalized in writing, upon which terms the plaintiff relied, in part, by proffering his resignation from employment effective December 31, 2009; and it further appearing that, after plaintiff proffered -- and defendants accepted -- his

aforesaid resignation from employment, the defendants have requested the inclusion of two additional provisions within the parties' settlement agreement, prohibiting plaintiff from disparaging defendants and requiring plaintiff to maintain terms of settlement in confidence, which provisions were neither presented to and/or considered by plaintiff prior to and/or considered by plaintiff prior to and/or contemporaneous with his proffer of resignation on December 31, 2009; and it further appearing that, while plaintiff may have relied in part upon the terms of settlement agreement, his proffer of resignation was essentially motivated by physical inability to resume fire suppression duties; and it further appearing that, since the defendants had accepted the Interim Order entered by Hon. Marc M. Baldwin, J.S.C. when this matter was venued in the Superior Court of New Jersey prior to its removal to this Court by defendants and which has not been contested by defendant prior to plaintiff filing motion prompting entry of this order, the defendants are to pay plaintiff full wages, for all time previously served by him on disciplinary suspension without pay status and unpaid wages for all time previously served by him on medical leave with pay consistent with Judge Baldwin's aforesaid Interim Order; and it further appearing that the parties have, inter se, agreed upon the computation of such wages to be in the amount of $13,756.98; and it further appearing that Judge Baldwin's Order and plaintiff's employment resignation has mooted the necessity of restoring this litigation to active status except to the extent that it is necessary to enforce Judge Baldwin's Interim Order;

and other good and sufficient reasons having been demonstrated for the entry hereof,

  IT IS ON this _____ day of August, 2010, ORDERED and DIRECTED, that judgment be entered against the defendants, in favor of the plaintiff, providing the following relief:

    1.  The defendants are to pay the sum of $13,756.98 representing wages and benefits not provided to him during calendar year 2009 incidental to his then status as on leave with pay consistent with Judge Baldwin's interim decision;

    2.  The defendants are to pay to plaintiff the sum of _____ as and for attorney fees and legal costs awarded under the provisions of 42 U.S.C. §1988 since this Court believes that, but for the application made to the Superior Court of New Jersey contesting defendants' placement of plaintiff on disciplinary suspension without pay, no voluntary action would have been taken by the defendants, whereupon the plaintiff is to be considered a "prevailing party" and the Court finds that the services rendered by plaintiff's attorney, premising the award made herein, were reasonable; and

    3.  Interest shall be calculated upon the monetary judgment awarded herein in accordance with the Federal Rules of Civil Procedure.

                                    _____
                                    Hon. Joseph E. Irenas,
                                    U.S.D.J.